UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GURLAL SINGH,

                Petitioner,

    v.

UNITED STATED DEPARTMENT OF
HOMELAND SECURITY, et al.,

                Respondents.

Case No. C19-1301-RSM-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner, a native and citizen of India, brings this 28 U.S.C. § 2241 immigration habeas action through counsel to challenge his expedited removal order and continued detention at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.[1] (*See* Pet. (Dkt. # 1).) The Court stayed his removal pending adjudication of his claims. (Dkt. # 3.) The Government has filed a return memorandum and motion to dismiss. (MTD (Dkt. # 5).) Petitioner did not file an opposition. Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that the Government's motion to dismiss be GRANTED,

---

[1] NWIPC was previously known as the Northwest Detention Center.

REPORT AND RECOMMENDATION - 1

Petitioner's habeas petition be DENIED, the stay of removal be VACATED, and this action be DISMISSED with prejudice.

## II.  BACKGROUND

On May 28, 2019, Petitioner entered the United States without inspection by crossing the U.S.-Mexico border. (Lambert Decl. (Dkt. # 7), Ex. A.) A U.S. Customs and Border Patrol ("CBP") agent subsequently encountered Petitioner with a group of other individuals near the border. (*Id.*, Ex. B.) During a field interview, Petitioner identified himself, stated he was from India, and admitted he did not have immigration documents that would allow him to enter or remain in the United States legally. (*Id.*) The CBP agent arrested Petitioner and transported him to the Newton-Azark Station. (*Id.*, Ex. A at 2.) There, a CBP agent interviewed Petitioner through a Punjabi interpreter. (*Id.*) During the interview, Petitioner admitted to entering the United States illegally and claimed a fear of returning to India. (*Id.* at 3.)

A CBP agent processed Petitioner for expedited removal under 8 U.S.C. § 1225(b)(1) and referred him for an interview with a U.S. Citizenship and Immigration Services ("USCIS") asylum officer ("AO") to determine whether he had a credible fear of persecution. (*Id.*) The agent also served Petitioner with Form I-867, a copy of his sworn statement (*id.*, Ex. C); Form I-860, Determination of Inadmissibility (*id.*, Ex. D); Form I-296, Notice of Alien Ordered Removed/ Departure Verification (*id.*, Ex. E); Form M-444, Information about Credible Fear Interview (*id.*, Ex. F); and a list of pro bono legal service providers (*id.*, Ex. G).

On June 20, 2019, CBP agents transferred Petitioner to U.S. Immigration and Customs Enforcement ("ICE") custody at the San Luis Regional Detention Center in San Luis, Arizona. (Kam Decl. (Dkt. # 6) at ¶ 6.) On July 11, 2019, ICE transferred him to the NWIPC. (*Id.*)

On July 30, 2019, an AO from USCIS's San Francisco Asylum Office conducted a credible fear interview of Petitioner. (Pet. at ¶ 13; Lambert Decl., Ex. L.) Prior to the interview, Petitioner received a list of free legal service providers from the Tacoma Immigration Court. (Lambert Decl, Ex. J.) The AO conducted the interview over the telephone through a Punjabi interpreter. (Pet. at ¶ 13.) The following day, Petitioner received Form I-869, Record of Negative Credible Fear Finding. (Lambert Decl., Ex. H.) The form indicated that the AO determined Petitioner had not established a credible fear of persecution in India because it would be reasonable for him to relocate within India to avoid future persecution. (*Id.*) In addition, the AO determined that Petitioner had not established a credible fear of torture in India because he had not established that there was a significant possibility he would suffer severe physical or mental pain or suffering. (*Id.*) An interpreter read and explained the contents of the form to Petitioner over the telephone. (*Id.*)

Petitioner requested that an immigration judge ("IJ") review the AO's decision. (*Id.*; Lambert Decl., Ex. I.) The IJ received a copy of Petitioner's Determination of Inadmissibility, the Record of Negative Credible Fear Finding, and the AO's Credible Fear Determination Worksheet. (*Id.*, Exs. D, H, L.) On August 8, 2019, the IJ held a credible fear review hearing ("Review Hearing"). (*Id.*, Ex. K; Kam Decl. at ¶ 13.) The government did not enter an appearance at the hearing, but an ICE attorney was present to accept the IJ's written order at the end of the hearing. (Kam Decl. at ¶ 13.) In addition to the documents presented to the IJ, the IJ heard testimony regarding Petitioner's background and fear of returning to India. (*Id.*; Lambert Decl., Ex. K.) After considering the evidence, the IJ found Petitioner had not established a significant possibility that he would be persecuted on the basis of race, religion, nationality, membership in a particular social group, or because of his political opinion. (Lambert Decl., Ex.

K.) The IJ also found Petitioner had not established a significant possibility that he would be intentionally subjected to serious physical or mental harm inflicted by, or at the instigation of, or with the consent or acquiescence of, a government official or other person acting in an official capacity. (*Id.*) As a result, the IJ affirmed the AO's decision and returned the case to the U.S. Department of Homeland Security ("DHS") for removal. (*Id.*)

On August 19, 2019, Petitioner initiated the instant action and filed a motion seeking a stay of removal, which the Court granted. (Dkt. ## 1-3.) In his habeas petition, he makes a number of general allegations, including that the procedures leading to his expedited removal order violated his Fourth and Fifth Amendment rights (Pet. at 2); the AO's "conclusions and how they were reached fly in the face of asylum law and the law regarding relief available under . . . the Convention Against Torture" (*id.* at 5); and the AO's and IJ's decisions "were without foundation in law, ignored applicable statutory provisions and regulations, violated international law and the treaty obligations of the United States, denied [him] substantive and procedural due process, [and] are fundamentally an abuse of discretion . . ." (*id.* at 9). He also complains that he was not provided with a complete copy of the AO's pre-screening interview notes[2] and that the AO found his testimony credible but "applied an incorrect burden." (*Id.* at 5.) He alleges his "belief" that the IJ did not allow his attorney to fully participate in the Review Hearing and contends this was a due process violation. (*Id.* at 6.) Finally, he alleges that his detention is unlawful. (*Id.* at 7.)

The Government timely moved to dismiss and vacate the stay of removal. (MTD.) As noted, Petitioner did not file a response.

---

[2] The petition states that the documents he received were attached as "Exhibit A" (Pet. at 5), but Petitioner's counsel never filed such an exhibit with the Court.

REPORT AND RECOMMENDATION - 4

### III.   DISCUSSION

**A. Expedited Removal Proceedings**

There is no dispute that Petitioner is an "applicant for admission"—a noncitizen who "arrive[d] in the United States," or is "present" in the United States but has "not been admitted." 8 U.S.C. § 1225(a)(1). An applicant for admission who is unable to affirmatively show, to the satisfaction of an immigration officer, that he or she "has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility," 8 U.S.C. § 1225(b)(1)(A)(iii)(II), is generally subject to an expedited removal process that does not include a hearing before an IJ or review of the removal order, 8 U.S.C. § 1225(b)(1)(A)(i). If, however, the noncitizen "indicates either an intention to apply for asylum . . . or a fear of persecution," the inspecting immigration officer must refer the noncitizen for an interview with an AO. 8 U.S.C. § 1225(b)(1)(A)(ii); *see also* 8 C.F.R. §§ 235.3(b)(4), 208.30(d).

The AO interviews the noncitizen, reviews relevant facts, and determines whether the noncitizen has a credible fear. *See* 8 U.S.C. § 1225(b)(1)(B); 8 C.F.R. § 208.30. The purpose of the interview is to "elicit all relevant and useful information bearing on whether the applicant has a credible fear of persecution or torture." 8 C.F.R. § 208.30(d). The AO must conduct the interview in a nonadversarial manner and in a language chosen by the noncitizen. 8 C.F.R. §§ 208.30(d), (d)(5). At the time of the interview, the asylum officer must verify that the noncitizen has received Form M-444, Information about Credible Fear Interview in Expedited Removal Cases, and understands the credible fear determination process. 8 C.F.R. § 208.30(d)(2). The noncitizen may present evidence and consult with any person of his or her choosing prior to the interview, at no expense to the government, so long as it does not unreasonably delay the process, and any person with whom the noncitizen consults may be present at the interview. 8

C.F.R. § 208.30(d)(4). The AO must create a summary of the material facts presented by the noncitizen. 8 C.F.R. § 208.30(d)(6). At the end of the interview, the officer must review the summary with the noncitizen and give him or her an opportunity to correct any errors. *Id.*

A credible fear of persecution or torture is established where there is a "significant possibility," taking into account the credibility of the noncitizen's testimony and other facts known to the asylum officer, that the noncitizen could establish eligibility for asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), or withholding or deferral of removal under the Convention Against Torture. 8 C.F.R. §§ 208.30(e)(2), (3); *see* 8 U.S.C. § 1225(b)(1)(B)(v). The noncitizen's testimony may be sufficient to sustain his or her burden of proof if it is "credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii) (credibility standard applicable under 8 U.S.C. § 1225(b)(1)(B)(v)).

After the interview, the AO must create "a written record of his or her determination, including a summary of the material facts as stated by the applicant, any additional facts relied on by the officer, and the officer's determination of whether, in light of such facts, the [noncitizen] has established a credible fear of persecution or torture." 8 C.F.R. § 208.30(e)(1); *see* 8 U.S.C. § 1225(b)(1)(B)(iii)(II). A supervisory asylum officer must review the determination before USCIS issues it. *See* 8 C.F.R. §§ 208.30(e)(7), 235.3(b)(2), (b)(7).

If the AO determines that the noncitizen has a credible fear of persecution, the noncitizen "shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). If the officer determines that the noncitizen does not have a credible fear of persecution, the officer shall order the noncitizen "removed from the United States without further hearing or review," unless the noncitizen requests review by an IJ. 8 U.S.C. §§

1225(b)(1)(B)(iii)(I), (III). Review by an IJ is *de novo* and must include an opportunity for the noncitizen to be heard and questioned by the IJ, who also may take into evidence any relevant oral or written statement. 8 U.S.C. § 1225(b)(1)(B)(iii)(III); 8 C.F.R. §§ 1003.42(c), (d). The noncitizen may consult with a person of his or her choosing prior to the review, at no expense to the government and so long as it does not "unreasonably delay the process." 8 U.S.C. § 1225(b)(1)(B)(iv); *see* 8 C.F.R. § 1003.42(c). The review hearing "shall be concluded as expeditiously as possible, to the maximum extent practicable within 24 hours, but in no case later than 7 days after the date of the determination . . . ." 8 U.S.C. § 1225(b)(1)(B)(iii)(III); *see* 8 C.F.R. § 1003.42(e). If the IJ determines that the noncitizen does not have a credible fear of persecution or torture, the IJ affirms the AO's determination and remands the case to DHS for execution of the expedited removal order. 8 C.F.R. § 1003.42(f) ("No appeal shall lie from a review of an adverse credible fear determination made by an immigration judge.").

Any noncitizen subject to these provisions "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

**B. Judicial Review of Expedited Removal Orders**

Congress has limited juridical review of expedited removal orders: "Without regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may . . . enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude [a noncitizen] in accordance with section 1225(b)(1) of this title except as specifically authorized in [8 U.S.C. § 1252(e)] . . . ." 8 U.S.C. § 1252(e)(1)(A).

Section 1252(e)(2) permits judicial review of expedited removal orders through habeas proceedings but limits review to determinations of:

>(A) whether the petitioner is [a noncitizen],
>
>(B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and
>
>(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is [a noncitizen] lawfully admitted for permanent residence . . . .

8 U.S.C. § 1252(e)(2); *see* 8 U.S.C. § 1252(a)(2)(A) (limiting judicial review of expedited removal orders to the exceptions provided in § 1252(e)).[3] The scope of the inquiry allowed under § 1252(e)(2)(B) is "limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the [noncitizen] is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5). If a violation is found, the only allowable relief is a removal hearing pursuant to 8 U.S.C. § 1229a. 8 U.S.C. § 1252(e)(4)(B).

Section 1252(e)(3), titled "Challenges on validity of the system," limits jurisdiction as follows:

>Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of—
>
>(i) whether such section, or any regulation issued to implement such section, is constitutional; or
>
>(ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

8 U.S.C. § 1252(e)(3)(A); *see United States v. Barajas-Alvarado*, 655 F.3d 1077, 1086 n.10 (9th Cir. 2011) (declining to address "general attacks on the expedited removal process" because they were barred by § 1252(e)(3)); *Li v. Eddy*, 259 F.3d 1132, 1136 (9th Cir. 2001) ("systemic

---

[3] In addition, the Ninth Circuit has allowed due process claims collaterally attacking expedited removal orders in criminal cases where the noncitizen is charged with criminal reentry. *Pena v. Lynch*, 815 F.3d 452, 455-56 (9th Cir. 2015); *United States v. Raya-Vaca*, 771 F.3d 1195, 1202-1207 (9th Cir. 2014). This exception is "strictly limited" to criminal reentry cases, *Pena*, 815 F.3d at 456, and therefore it is inapplicable here.

REPORT AND RECOMMENDATION - 8

challenges are to be filed in the District of Columbia, and within 60 days of promulgation of the expedited removal procedures"), *vacated as moot*, 324 F.3d 1109 (9th Cir. 2001).[4]

In *Thuraissigiam v. U.S. Department of Homeland Security*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, 2019 WL 5281289 (Oct. 18, 2019), the Ninth Circuit held that § 1252(e)(2) violates the Suspension Clause. The petitioner sought to challenge the procedures leading to his expedited removal order, including that the asylum officer and IJ on review "failed to elicit all relevant and useful information" bearing on whether he had a credible fear of persecution or torture, and "failed to consider relevant country conditions evidence." *Id.* at 1102. The core of his claim was that "the government failed to follow the required procedures and apply the correct legal standards when evaluating his credible fear claim." *Id.* at 1116. The district court dismissed for lack of subject matter jurisdiction. *Id.* at 1102. The Ninth Circuit reversed, concluding that § 1252(e)(2) did not authorize jurisdiction over the petitioner's claims but that the Suspension Clause required him to have a "meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Id.* at 1100 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001))). The court did not decide "what right or rights [the petitioner] may vindicate via use of the writ," but remanded to the district court to exercise jurisdiction over the petitioner's "legal challenges to the procedures leading to his expedited removal order."[5] *Id.* at 1119.

---

[4] *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1141 n.4 (9th Cir. 2008) (although "*Li* was vacated on mootness grounds . . . the case is analytically sound").

[5] The Ninth Circuit expressly stated that it did not consider whether the Suspension Clause requires judicial review of the merits of the credible fear determination or factual challenges to an expedited removal order. *Thuraissigiam*, 917 F.3d at 1117 n.20, 1119 n.24.

### C. Petitioner's Claims

Petitioner makes four specific claims, each of which fails.[6] First, Petitioner alleges that the AO "applied an incorrect burden," but he fails to offer any explanation in support of this conclusory statement. (Pet. at 5.) It is not the Court's job to make Petitioner's case for him. Without more, Petitioner cannot establish that the AO violated any statute, regulation, or the Constitution such that he would be entitled to habeas relief.

Second, Petitioner alleges that he only received some of the AO's pre-screening interview notes prior to his Review Hearing. (*Id.*) The petition states that the documents he received were attached as Exhibit A (*id.*), but Petitioner's counsel did not file them with the Court. Given that Petitioner's vague allegation is not supported by evidence, the Court concludes that he fails to establish a violation of statute, regulation, or the Constitution that would entitle him to habeas relief.

Third, Petitioner alleges a due process violation because the IJ did not allow his attorney to fully participate in the Review Hearing. (*Id.* at 6.) There is no right to counsel in expedited removal proceedings. *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1084 (9th Cir. 2011) (non-admitted noncitizens who have not entered the United States do not have a right to representation in expedited removal proceedings); *United States v. Grande*, 623 Fed. Appx. 858, 860 (9th Cir. 2015) (noncitizen apprehended after crossing the border was "not entitled to representation by counsel during his expedited removal proceeding"). As discussed above, the statute only allows a noncitizen to consult with a person of his or her choosing prior to the Review Hearing, provided the consultation is "at no expense to the Government" and does not "unreasonably delay the process." 8 U.S.C. § 1225(b)(1)(B)(iv); *see* 8 C.F.R. § 1003.41(c).

---

[6] Petitioner also makes general allegations of wrongdoing on the part of the Government. (*See generally* Pet.) These bare, unsupported claims are insufficient to entitle him to habeas relief and will not be discussed further.

REPORT AND RECOMMENDATION - 10

1   Petitioner does not allege a violation of these provisions. To the extent he challenges the

2   statutory scheme's omission of the right to counsel in expedited removal proceedings, the Court

3   does not have jurisdiction to consider such claims under 8 U.S.C. § 1252(e)(3).

4         Finally, Petitioner seeks release on bond. The expedited removal statute provides for his

5   mandatory detention until he is removed. 8 U.S.C. § 1225(b)(1)(B)(iii)(IV); *see Ms. L. v. U.S.*

6   *Imm. & Customs Enforcement*, 302 F. Supp. 3d 1149, 1159 n.3 (S.D. Cal. 2018) ("Individuals in

7   the expedited removal process who have not been found to have a 'credible fear of persecution'

8   for asylum purposes are subject to mandatory detention."). Under the statute and regulations, he

9   may be released only if he is granted parole, i.e., released under narrowly prescribed

10  circumstances, such as "urgent humanitarian reasons or significant public benefit[,]" 8 U.S.C. §

11  1182(d)(5)(A), medical emergency, or a "legitimate law enforcement objective," 8 C.F.R. §

12  235.3(b)(2)(iii). The only impediment to Petitioner's removal is the stay entered in this case.

13  Petitioner fails to establish that his detention, which is currently just over seven months and is

14  likely to end with his removal shortly after this case is dismissed, violates the Fourth

15  Amendment, as he alleges, or his Fifth Amendment due process rights. Thus, this claim should

16  be dismissed.

17                         **IV.    CONCLUSION**

18        The Court recommends that the Government's motion to dismiss (dkt. # 5) be

19  GRANTED, Petitioner's habeas petition (dkt. # 1) be DENIED, the stay of removal (dkt. # 3) be

20  VACATED, and this action be DISMISSED with prejudice. A proposed order accompanies this

21  Report and Recommendation.

22        Objections to this Report and Recommendation, if any, should be filed with the Clerk and

23  served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge February 7, 2020.

Dated this 21st day of January, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12